IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD GOMEZ, | 1:08-cv-01450-BAK [SMS] (HC) |
|     Petitioner, | ORDER DENYING PETITIONER'S MOTIONS FOR EVIDENTIARY HEARING (Docs. 8, 12 & 22) |
|     vs. | |
| DERRALL G. ADAMS, Warden, | ORDER GRANTING PETITIONER'S MOTIONS FOR WITHDRAWAL OF CONSENT (Docs. 9 & 22) |
|     Respondent. | |
| _____/ | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |
| | ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW REQUEST FOR STAY (Doc. 15) |
| | ORDER WITHDRAWING MOTION FOR STAY (Doc. 11) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On October 6, 2008, Petitioner filed with the Court a written consent to the jurisdiction of the United States Magistrate Judge. (Doc. 7). On October 16, 2008, Petitioner filed his first motion for an evidentiary hearing. (Doc. 8). On October 27, 2008, Petitioner moved to withdraw the consent filed on October 6, 2008. (Doc. 9). On March 27, 2009, Petitioner filed a second motion for an evidentiary hearing. (Doc. 12). Also on March 27, 2009, Petitioner filed a motion to stay proceedings in order to exhaust Ground Four in the original petition. (Doc. 11). On April 14, 2009, Petitioner moved to withdraw his request for a

stay of proceedings concurrent with filing of an amended petition that omitted the unexhausted claim. (Docs. 15 & 16). On May 22, 2009, Petitioner renewed both his request for an evidentiary hearing and for withdrawal of consent to the jurisdiction of the Magistrate Judge.. (Doc. 22).

     A. Motion for Evidentiary Hearing.

Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, *after the answer and transcripts and record of the state court proceedings are filed*, shall, upon review of those proceedings, determine whether an evidentiary hearing is required. The purpose of an evidentiary hearing is to resolve the merits of a factual dispute. An evidentiary hearing on a claim is required where it is clear from the petition that: (1) the allegations, if established, would entitle the petitioner to relief; and (2) the state court trier of fact has not reliably found the relevant facts. See, Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992). As the function of an evidentiary hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary when only issues of law are raised. Id.

In this case, Petitioner challenges a 2006 conviction in the Tulare County Superior Court that resulted in a prison sentence of 9 years. (Doc. 16, p. 1). On April 17, 2009, the Court ordered Respondent to file a response to the amended petition. (Doc. 17). On June 12, 2009, Respondent requested an extension of time of thirty days within which to file that response, a request that the Court is granting this date by separate order.

Because the case is not at a point where either an answer or the record of the state proceedings has been filed, the Court has obviously not had an opportunity to review those proceedings or to consider Respondent's legal arguments vis-a-vis Petitioner's claims. Therefore, Petitioner's motion is premature. Moreover, the Court is well aware of the circumstances that justify an evidentiary hearing and will, following a thorough review of the petition's merits, *sua sponte* issue an order for an evidentiary hearing should it find one necessary. Accordingly, Petitioner's Motion for an Evidentiary Hearing is DENIED without prejudice.

B. <u>Motion to Withdraw Consent</u>.

Petitioner requests withdrawal of his consent to the jurisdiction of the United States Magistrate Judge, alleging that he is presently under psychiatric care and that did not fully realize what he was doing at the time he gave his consent. At present, the Court's Local Rules do not expressly address this situation and it has been left to the discretion of the Court. Although Respondent has also consented to the Magistrate Judge's jurisdiction, no prejudice would accrue to Respondent by granting Petitioner's motion. In this instance, therefore, the Court finds good cause to permit Petitioner to withdraw his consent.

C. <u>Motion to Withdraw Stay Request</u>.

Petitioner seeks to withdraw his request for a stay of proceedings on the grounds that he has filed an amended petition that does not contain the unexhausted claim to which the motion for stay was directed. Since the Court has yet to rule on Petitioner's original motion for stay of proceedings, the Court will grant Petitioner's request to withdraw that motion and deem the motion for stay to be withdrawn by Petitioner.

## **ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. Petitioner's motions for an evidentiary hearing (Docs. 8, 12, & 22), are DENIED without prejudice;
2. Petitioner's motions to withdraw his consent to the jurisdiction of the United States Magistrate Judge (Docs. 9 & 22), are GRANTED;
3. The Clerk of the Court is DIRECTED to assign a United States District Judge to the case;
4. Petitioner's motion to withdraw the request for stay of proceedings (Doc. 15), is GRANTED; and,
5. Petitioner's motion for stay of proceedings (Doc. 11) is deemed WITHDRAWN.

IT IS SO ORDERED.

**Dated:   June 17, 2009**              /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE