# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRINIDAD GOMEZ, | ) | 1:08-cv-01450-AWI-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | EVIDENTIARY HEARING |
| v. | ) | (Doc. 39) |
| | ) | |
| | ) | |
| DERRALL G. ADAMS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 31, 2009, Petitioner filed a Motion for an Evidentiary Hearing in which he asserts that there exists "disputed facts." (Doc. 39).  Previously, Petitioner has filed motions for an evidentiary hearing on October 3, 2008 (Doc. 4), October 16, 2008 (Doc. 8), March 27, 2009 (Doc. 12), and May 22, 2009.  (Doc. 22).   The Court has declined each request without prejudice, indicating to Petitioner that when the Court conducts its review of the merits of the petition, it will schedule an evidentiary hearing if one is warranted.  (Doc. 26).

## DISCUSSION

Rule 8(a) of the Rules Governing Section 2254 Cases provides that where a petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and transcripts and

1  record of the state court proceedings are filed, shall, *upon review* of those proceedings, determine
2  whether an evidentiary hearing is required.  **The purpose of an evidentiary hearing is to**
3  **resolve the merits of a factual dispute**.  An evidentiary hearing on a claim is required where it
4  is clear from the petition that:  (1) the allegations, if established, would entitle the petitioner to
5  relief;  and (2) the state court trier of fact has not reliably found the relevant facts.  See,
6  Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992).  As the function of an evidentiary
7  hearing is to try issues of fact, Townsend v. Swain 372 U.S. 293, 309 (1963)(*overruled in part by*
8  Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715 (1993)), such a hearing is unnecessary
9  when only issues of law are raised. Id.

10   In this case, it is obvious that Petitioner does not appreciate the distinction between the
11  existence of disputed issues of fact and disagreements over the legal significance of undisputed
12  facts.  However, notwithstanding Petitioner's misapprehension of the purpose of an evidentiary
13  hearing in the context of a habeas proceeding, the Court must nevertheless deny the motion at
14  this juncture because the Court has not yet conducted a review of the merits and thus, whether or
15  not there exists a factual dispute of the type that warrants an evidentiary hearing, is a
16  determination that cannot be made at the present time.

17   As the Court has previously explained to Petitioner, following a thorough review of the
18  petition's merits, the Court will *sua sponte, i.e., without need for Petitioner to file another*
19  *request for an evidentiary hearing,* issue an order for an evidentiary hearing **should it find such**
20  **a hearing necessary** to resolve disputed issues of fact material to a decision on the merits.

21   Accordingly, the Court HEREBY ORDERS that Petitioner's Motion for an Evidentiary
22  Hearing (Doc. 39), is DENIED at this time.

25  IT IS SO ORDERED.

26  Dated:  **January 26, 2010**          /s/ **Jennifer L. Thurston**
                                                UNITED STATES MAGISTRATE JUDGE