UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRINIDAD GOMEZ, | ) | 1:08-CV-01450 AWI JMD HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| DERRALL G. ADAMS, | ) | |
| | ) | |
| Respondent. | ) | OBJECTIONS DUE WITHIN THIRTY (30) |
| | ) | DAYS |

Trinidad Gomez ("Petitioner") is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a plea of no contest, entered on December 6, 2005, for possession of methamphetamine (Cal. Health & Safety Code § 11378), possession of a controlled substance while in possession of a firearm  (Cal. Health & Safety Code § 11370a)), possession of marijuana for sale (Cal. Health & Safety Code § 11359), and possession of an assault weapon (Cal. Health & Safety Code § 112280(b)).  (Answer at 2-3; Am. Pet. at 2.)  Petitioner also admitted special allegations that he had a prior narcotics conviction (Cal. Health & Safety Code § 11370.2(c)), had a prior prison term (Cal. Penal Code § 667.5(b)), and that he had been personally armed with a firearm in the commission of the offense (Cal. Penal Code § 12011(c)).  (Answer at 2-3.)  The trial court sentenced Petitioner to a term of nine years.  (Am. Pet. at 1.)

1. Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District, by filing a notice of appeal on April 4, 2006. (Answer at 4.) The appellate court issued a reasoned opinion on March 16, 2007, finding that Petitioner's failure to raise a suppression motion at the Superior Court level had foreclosed appellate review of his Fourth Amendment claim. (*See* Lod. Doc. 6.)

Prior to appellate court's adjudication of Petitioner's claim, Petitioner filed a petition for writ of habeas corpus with the Tulare County Superior Court, which denied the petition as premature. (Lod. Docs. 4, 5.) Petitioner subsequently filed a petition for writ of habeas corpus with the California Court of Appeal on February 12, 2007, which the appellate court denied without prejudice on March 16, 2007. (Lod. Docs. 7, 8.)

On March 17, 2008, Petitioner filed an amended petition for writ of habeas corpus with the Tulare County Superior Court, raising all three claims currently before this Court. (Lod. Doc. 10.) The Superior Court had previously issued a denial on February 29, 2008, finding that Petitioner failed to establish the basic requirements for success on his ineffective assistance of counsel claim. (Lod. Doc. 11.)

Petitioner filed two petitions for writ of habeas corpus, on April 14, 2008 and May 26, 2008, with the California Court of Appeal, which summarily denied both petitions. (Lod. Docs. 12, 13, and 15.)

Petitioner subsequently filed a petition for review and petition for writ of habeas corpus with the California Supreme Court, which summarily denied both petitions on September 10, 2008. (Lod. Docs. 16, 17.)

On September 29, 2008, Petitioner filed the instant federal petition for writ of habeas corpus. Petitioner filed an amended petition for writ of habeas corpus on April 14, 2009.

On August 5, 2009, Respondent filed an answer to the petition. Petitioner filed a traverse to the Respondent's answer on April 5, 2010.

\\\
\\\
\\\

# FACTUAL BACKGROUND

*Search*

After receiving a tip from an anonymous informant of a possible marijuana farm at 25714 Road 159 in Visalia, Tulare County Sheriff's Deputy Patrick Potter went to the residence on October 4, 2005. The property included a residence and two trailers. Potter received permission from Trinidad Gomez, Sr., appellant's father, to search the property and the residence to investigate a possible marijuana garden.[1] Gomez replied: " 'Go ahead and search. We don't have any marijuana. Hurry up. You guys are always here.' " Potter did not inquire concerning ownership in the trailers.

Appellant walked out of one of the trailers after his father called to him. Appellant tried to slam the door to the trailer shut, but there was a bucket between the door and the entry way. Potter told appellant that his father gave permission to the officers to search the property. Appellant said there was no marijuana on the property. Potter asked several times for permission to search the trailer, but appellant did not reply and would lead Potter in a different direction.

Potter asked Deputy Shaw to look at the trailer. Shaw gazed into the open trailer door. In plain view, Shaw saw a triple beam scale and could smell the strong odor of marijuana coming from inside the trailer. The deputies discussed obtaining a warrant. They failed to do so and handcuffed appellant. Another person exiting the second trailer was detained for officer safety. Appellant initially said no one else was on the property, but he yelled out and Jose Gomez came out of the trailer appellant had exited.

Detectives outside the first trailer found a small bindle [sic] containing a green leafy substance outside the trailer entrance. Detective Frank Saragoza conducted a search and inventory of the first trailer. There were large amounts of marijuana, methamphetamine, a cutter, a digital scale, appellant's identification, firearms, and live .22 and .357 caliber bullets.

*Suppression Motion*

Prior to the preliminary hearing, appellant filed a written suppression motion challenging the scope of Gomez's consent to search the property. At the conclusion of the suppression and preliminary hearings, Judge Ferguson found that based on the initial consent to enter the property, the scale in plain view, and the smell of marijuana, the officers acted reasonably in entering the trailer without a search warrant.

After an information and amended information were filed, appellant entered a no contest plea as set forth above. Prior to sentencing, appellant filed a motion to withdraw his plea. Appellant contended, inter alia, that his original trial counsel "failed to file a Romero Act (sic) and failed to go to my parent's house to investigate the illegal search and seizure of my residence ( sic )." At the sentencing hearing, appellant complained that he had a chance "to have [the] illegal search and seizure granted and it wasn't investigated." Judge Ferguson denied appellant's motion to withdraw his plea and sentenced appellant according to the terms of the plea agreement.

(Lod. Doc. 6 at 3-5.)

\\\

\\\

---

[1]To avoid confusion, we refer to appellant's father as Gomez and to appellant himself as appellant.

# DISCUSSION

## I.  Jurisdiction

A person in custody pursuant to the judgment of a state court may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution during his trial in the Tulare County Superior Court.  Petitioner is currently incarcerated at Avenal State Prison, which is located in Kings County.  (Am. Pet. at 2.)  As Kings and Tulare County falls within this judicial district, 28 U.S.C. § 84(b), the Court has jurisdiction over Petitioner's application for writ of habeas corpus.  *See* 28 U.S.C. § 2241(d) (vesting concurrent jurisdiction over application for writ of habeas corpus to the district court where the petitioner is currently in custody or the district court in which a State court convicted and sentenced Petitioner if the State "contains two or more Federal judicial districts").

## II.  ADEPA Standard of Review

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment.  *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *overruled on other grounds by Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)).  The instant petition was filed in 2008 and is consequently governed by the provisions of the AEDPA.  *See Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).  Thus, the petition "may be granted only if [Petitioner] demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

Title 28 of the United States Code, section 2254 remains the exclusive vehicle for Petitioner's habeas petition as Petitioner is in custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment.  *See Sass v. California Board of Prison Terms*,

461 F.3d 1123, 1126-1127 (9th Cir. 2006) *overruled in part on other grounds*, *Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id*. (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id*. Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *Clark v. Murphy*, 331 F.3d 1062, 1072 (9th Cir. 2003) ("While *only* the Supreme Court's precedents are binding on the [state] court, and only those precedents need be

reasonably applied, we may look for guidance to circuit precedents"); *Duhaime v. Ducharme*, 200 F.3d 597, 600-601 (9th Cir. 1999) ("because of the 1996 AEDPA amendments, it can no longer reverse a state court decision merely because that decision conflicts with Ninth Circuit precedent on a federal Constitutional issue...This does not mean that Ninth Circuit caselaw is never relevant to a habeas case after AEDPA. Our cases may be persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established'"). Furthermore, the AEDPA requires that the Court give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). A federal habeas court is bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002).

The initial step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one State court has adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. *Id*. (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order). Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. *Id*.

Here, the only court to have issued a reasoned decision on Petitioner's Fourth Amendment claim was the California Court of Appeal. (Lod. Docs. 6, 11.) The California Court of Appeal's decision pertaining to Petitioner's Fourth Amendment denied relief on procedural grounds, namely the failure to file a suppression motion at the Superior Court level, and did not reach the substance of the claim. Thus, the California Court of Appeal's decision is not entitled to AEDPA deference. *See Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005) (stating, "requirement of an adjudication on the merits does not mandate a hearing or other judicial process beyond rendering a decision; rather it means that the court must finally resolve the rights of the parties on the substance of the claim, rather than on the basis of a procedural or other rule precluding state review of the merits"); *see also Lambert v. Blodgett*, 393 F.3d 943, 968-69 (9th Cir. 2004) (discussing the meaning of adjudication

on the merits). Petitioner additionally filed habeas petitions, raising the Fourth Amendment claim, to the Tulare County Superior Court, the California Court of Appeal, and the California Supreme Court. All three courts denied the petition on the merits but did not address their reasoning as it pertained to the Fourth Amendment claim. Thus, as the Court has "no basis other than the record for knowing whether the state court correctly identified the governing legal principle or was extending the principle into a new context," an independent review of the record is required to ascertain whether the state court decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000).

Petitioner's ineffective assistance of counsel claims presents a more complex case. Arguably, the only court to have issued a reasoned denial pertaining to Petitioner's ineffective assistance of counsel claim was the Tulare County Superior Court. (Lod. Doc. 11.) However, the Superior Court's decision was issued two weeks *prior* to when Petitioner filed his actual habeas petition with the Superior Court. (See Lod. Docs. 10, 11.) Presumably, the Superior Court was ruling on the previous habeas petition that had been deemed premature by both the California Court of Appeal and the Superior Court. As the California Court of Appeal's decision permitted Petitioner to file a subsequent habeas petition, the Tulare County Superior Court's decision prior to the filing of such a petition was premature and cannot be considered an adjudication of Petitioner's claims as they were not before that court when the Superior Court issued its ruling. As the summary denials by the California Court of Appeal and California Supreme Court are the only State court decisions adjudicating Petitioner's claims on the merits, the Court independently reviews the record on these claims as well. *See Delgado*, 223 F.3d at 981-82

**III.   Review of Petitioner's Claims**

The petition for writ of habeas asserts three grounds for relief: (1) ineffective assistance of counsel in violation of Petitioner's Sixth Amendment right to counsel by trial counsel; (2) ineffective assistance of counsel by appellate counsel; and (3) violations of Petitioner's Fourth Amendment rights against unreasonable search and seizure.

\\\

\\\

### A. Ineffective Assistance of Trial Counsel

Petitioner contends trial counsel[2] was ineffective for failing to investigate the case, including the failure to question prospective witnesses, and failing to renew the motion to suppress evidence at the Superior Court level.

An allegation of ineffective assistance of counsel requires that a petitioner establish two elements–(1) counsel's performance was deficient and (2) petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687(1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). Under the first element, the petitioner must establish that counsel's representation fell below an objective standard of reasonableness, specifically identifying alleged acts or omissions which did not fall within reasonable professional judgment considering the circumstances. *Strickland*, 466 U.S. at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential and there exists a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

Additionally, a petitioner must show that counsel's errors prejudiced the trial's outcome. *Strickland*, 466 U.S. at 687. Where the habeas petitioner pled guilty, this prong requires that the petitioner "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that two part *Strickland* test is applicable for defendant challenging guilty pleas based on ineffective assistance of counsel); *see also Moore v. Czerniak*, 574 F.3d 1092, 1100 (9th Cir. 2009) ("In the context of a plea bargain, we specifically ask whether there is a reasonable probability that, but for counsel's deficient performance, the petitioner would have gone to trial rather than accept the plea bargain offered by the state"). A court need not determine whether counsel's performance was deficient before examining whether petitioner suffered as a result of the alleged deficiencies as prejudice is a prerequisite to a successful claim of ineffective assistance of counsel; therefore, any deficiency that was not sufficiently prejudicial to the petitioner's case is fatal to an

---

[2] Petitioner attributed the ineffective assistance of counsel to both counsel appointed at the Municipal Court and the Superior Court level.

ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697.

Petitioner's first allegation of ineffective assistance of trial counsel is premised on trial counsel's failure to interview Petitioner's parents. (Traverse at 5.) However, it is clear that the information that would have been obtained in counsel's interview with Petitioner's parents was known to Petitioner at time he accepted the plea bargain. As Petitioner knew of the information, the Court finds unavailing Petitioner's argument that had counsel interviewed his parents, he would not have accepted the plea.

Petitioner's second allegation of ineffective assistance of trial counsel centers on trial counsel's failure to renew the suppression motion at the Superior Court level.[3] Additionally, while the Ninth Circuit Court of Appeals has recently noted that counsel's failure to file a meritorious suppression motion may constitute deficient performance, *Moore v. Czerniak*, 571 F.3d 1092, 1101-1102 (9th Cir. 2009), the Court's review of the record reveals that Petitioner was not prejudiced by trial counsel's failure to raise the motion at the Superior Court level. As previously stated, Petitioner must establish that but for the complained of deficiency, Petitioner would not have accepted the plea bargain. Here, trial counsel's alleged deficiency was known to Petitioner prior to his acceptance of the plea bargain thus discrediting Petitioner's argument that but for counsel's deficiency Petitioner would not have pleaded guilty. Petitioner's argument that he would not have accepted the plea had counsel raised the objection must also be considered in light of the twenty-one year sentence Petitioner faced if convicted and the denial of the same motion at the municipal court level. Considering a judge had previously denied the motion, it is unavailing for Petitioner to argue that his

---

[3] Additionally, Petitioner seemingly faults counsel for not preserving Petitioner's Fourth Amendment claim for appeal as the California Court of Appeal denied Petitioner's claim for procedural reasons. To establish ineffective assistance of counsel, Petitioner would have to establish that Petitioner would have prevailed on appeal and that counsel's failure to preserve this issue for appeal to be deficient. The Court does not find counsel's failure to preserve this issue for appeal to be deficient as a hearing for suppressing the evidence, pursuant to California Penal Code section 1538.5, was originally scheduled for November 22, 2005, continued until December 1, 2005, and rescheduled again for December 6, 2005, at which point Petitioner withdrew his plea of not guilty. (CT at 100, 111, 113.) To preserve the issue for appeal, trial counsel would have had to raise the motion during the December 6, 2005 hearing where Petitioner changed his plea. Considering Petitioner had by then accepted a plea, the Court does not find that it falls outside of reasonable professional judgement to not raise the objection at that hearing. Likewise, the Court does not find that Petitioner was prejudiced as it is not reasonably likely that Petitioner would have prevailed on the grounds of the appeal as discussed *infra*.

1  acceptance of the plea bargain was altered by trial counsel's failure to bring an additional motion.

2  Additionally, Petitioner has failed to establish that counsel's failure was deficient as
3  Petitioner has not established that the motion was meritorious.  The municipal court had rejected
4  counsel's motion to suppress the evidence after taking testimony on the matter and accepting
5  arguments from counsel. (CT at 62-66, 70-73, 86-88.)  The evidence produced at that hearing
6  indicated that the officers searched the premises after obtaining consent from Petitioner's father (CT
7  at 62-63.)  While the officers had been earlier denied permission to search the premises by
8  Petitioner's mother, the officer testified that Petitioner's mother stated that she had to speak with her
9  husband, who then gave them consent.  (Id. at 62.)  Under such circumstances, the officers would
10 have had a reasonable and good faith belief that Petitioner's father had the authority to consent to the
11 search.  *See People v. Ledesma*, 39 Cal.4th 641, 704 (2005) (citing *Illinois v. Rodriquez* 497 U.S.
12 177, 179 (1990) (finding when police officers reasonably and in good faith believe that a third party
13 has authority to consent to a search, such is reasonable and lawful even if that party does not have
14 actual authority)).  Accordingly, the suppression motion was not meritorious as officers could have
15 relied on the apparent authority Petitioner's father exercised over the premises and the father's ability
16 to authorize the search.  Thus, the Court finds Petitioner is not entitled to habeas corpus relief on this
17 ground.

18 **B.     *Ineffective Assistance of Appellate Counsel***

19 Petitioner's second ground for relief asserts that his appellate counsel was ineffective for
20 failing to raise an ineffective assistance of trial counsel claim on direct appeal.

21 The Court initially notes that the "'except in those rare instances where there is no
22 conceivable tactical purpose for counsel's actions,' claims of ineffective assistance of counsel
23 generally must be raised in a petition for writ of habeas corpus based on matters outside the record
24 on appeal." *People v. Salcido*, 44 Cal.4th 93, 172 (2008) (quoting *People v. Lopez*, 42 Cal.4th 960,
25 968 (2008) and *People v. Mendoza Tello*, 15 Cal.4th 264, 266-267 (1997)).  Thus, Petitioner's
26 argument that appellate counsel should have raised this issue on direct appeal is flawed as California
27 law dictates that ineffective assistance of counsel claims should be raised on habeas review.  Further,
28 the Court finds there is no prejudice as Petitioner himself raised this claim of ineffective assistance

of appellate counsel to the California Court of Appeal and California Supreme Court. (Lod. Doc. 13 at 4; Lod. Doc. 16 at 3, 8.) As the State courts considered and denied this claim, Petitioner cannot establish that he was prejudiced by appellate counsel's failure to bring the claim on direct appeal. Accordingly, the Court finds Petitioner is not entitled to habeas corpus relief on this claim.

### C. Fourth Amendment/Illegal Search and Seizure

In his third ground for relief, Petitioner contends that evidence used against him at trial was obtained in an illegal search of the trailer and property, thereby violating his Fourth Amendment right against unreasonable search and seizure. (Am. Pet. at 6.)

A federal district court cannot grant habeas corpus relief on the ground that evidence was obtained by an unconstitutional search and seizure if the state court has provided the petitioner with a "full and fair opportunity to litigate" the Fourth Amendment issue. *Stone v. Powell*, 428 U.S. 465, 494 (1976); *Woolery v. Arvan*, 8 F.3d 1325, 1326 (9th Cir.1993); *Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 n.3 (9th Cir. 1980) ("fourth amendment claim is not cognizable as a basis for federal habeas relief, where the state has provided an opportunity for full and fair litigation of the claim"). The Supreme Court noted in *Stone v. Powell* that the purpose behind the exclusionary rule as it pertains to illegally seized evidence is preventative–specifically to deter law enforcement from future unconstitutional conduct by removing an incentive to disregard the Fourth Amendment. *Powell*, 428 U.S. at 492. Conversely, excluding evidence that is not untrustworthy creates a windfall to the defendant at a substantial societal cost, *Woolery*, 8 F.3d at 1327-1328, especially as permitting petitioners to raise search and seizure claims in a writ of habeas corpus would not significantly deter Fourth Amendment violations, *Powell*, 428 U.S. at 493. Balancing the goals of deterrence and the substantial societal costs of excluding trustworthy evidence led the *Powell* court to conclude against permitting petitioners to raise search and seizure claims on collateral review where the state provided the petitioners an opportunity to fully and fairly litigate their claims. *Powell*, 428 U.S. at 493-494. The Ninth Circuit has likewise noted this rationale in discussing the high court's holding in *Stone v. Powell*, stating that:

> [I]n cases where a petitioner's Fourth Amendment claim has been adequately litigated in state court, enforcing the exclusionary rule through writs of habeas corpus would not further the deterrent and educative purposes of the rule to an extent sufficient to

>  counter the negative effect such a policy would have on the interests of judicial efficiency, comity and federalism.

*Woolery*, 8 F.3d at 1326 (citing *Powell*, 428 U.S. at 493-494); *see also Withrow v. Williams*, 507 U.S. 680 (1993) (noting that *Powell*'s limitation on habeas relief rested on prudential concerns, namely "the costs of applying the exclusionary rule on collateral review outweighed any potential advantage to be gained by applying it there").  Thus, a habeas petitioner must generally demonstrate that the state court did not afford him a full and fair opportunity to litigate this claim in order to receive habeas corpus relief.  *Woolery*, 8 F.3d at 1328.

Petitioner argues that counsel's failure to properly raise the suppression motion deprived him of a full and fair opportunity to litigate this issue.  However, the Court finds that Petitioner's claim is barred by his plea of no contest.  The United States Supreme Court stated in *Tollett v. Henderson*, 411 U.S. 563, 569 (1989) that:

> When a criminal defendant had solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel [to plead guilty] was not within the standards....

Accordingly, habeas claims based on denials of motions to suppress and/or Fourth Amendment violations are barred under *Tollett* by virtue of the petitioner's plea.  *See, e.g.*, *Ortberg v. Moody*, 961 F.2d 135, 136-38 (9th Cir. 1992) (holding that district court should have dismissed unlawful search claim as guilty plea bars habeas petitioner from seeking review of those claims); *United States v. Davis*, 900 F.2d 1524, 1525-27 (10th Cir. 1990) (claim based on denial of suppression motion barred by guilty plea); *Gan v. Giurbino*, 2008 WL 4286939, *8 (C.D. Cal. 2008) (finding review of Fourth Amendment search and seizure claim was barred by habeas petitioner's guilty plea); *Huerta v. Uribe*, 2010 WL 149821,* 7 (C.D. Cal. 2010) (citing to *Tollett*, 411 U.S. at 267, in finding that habeas petitioner's Fourth Amendment claim is foreclosed by his plea of no contest); *but cf. United States v. Jacobo Castillo*, 496 F.3d 947, (9th Cir. 2007) (finding hat *Tollet* not applicable upon direct appeal).  Here, the Court finds Petitioner's Fourth Amendment claim is barred by his no contest plea.

\\\

1  Assuming *arguendo* that Petitioner's plea did not foreclose consideration of his claim, the
2  Court further finds that Petitioner has failed to establish that he was deprived of a full and fair
3  opportunity to litigate his Fourth Amendment claim.  Petitioner admits that trial counsel brought a
4  suppression motion in municipal court.  The court heard evidence from two police officers (CT at
5  63-66), Petitioner's counsel was able to cross examine the officers regarding their search of the
6  trailer (CT at 70-71), and counsel made arguments regarding the legality of the search (CT at 86-87).
7  The court then denied the motion, finding that the search was valid upon the plain view doctrine and
8  consent to search by Petitioner's father.  (CT at 88.)

9  Additionally, the Court does not find the failure to preserve the issue on appeal dispositive in
10 determining whether Petitioner had a full and fair opportunity to litigate his Fourth Amendment
11 claim.  *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir.1996) (finding that petitioner had
12 opportunity to litigate claim, even though defendant counsel's failed to preserve issue on appeal).  As
13 noted by the Ninth Circuit Court of Appeals in *Ortiz-Sandoval*, the question is "whether petitioner
14 had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim
15 was correctly decided."  *See Gordon v. Duran*, 895 F.2d 610, 613-614 (9th Cir. 1990) (holding that
16 because Cal. Penal Code § 1538.5 provides opportunity to challenge evidence, dismissal under *Stone
17 v. Powell* was necessary).  "All *Stone v. Powell* requires is the initial opportunity for a fair hearing.
18 [citation] Such an opportunity for a fair hearing forecloses this court's inquiry, upon habeas corpus
19 petition, into the trial court's subsequent course of action." *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th
20 Cir. 1986).   The Court finds Petitioner's case is dissimilar from cases where an unforeseen
21 procedural bar was found to deprive the habeas petitioner of the opportunity to fully and fairly
22 litigate a Fourth Amendment claim.  *See Anderson v. Calderon*, 232 F.3d 1053, 1068-1069 (9th Cir.
23 2000) (finding denial of full and fair opportunity where the particular Fourth Amendment claim
24 habeas petitioner sought to raise in state court did not exist until years after the petitioner's arrest ad
25 trial), *overruled on other grounds*,  *Osband v. Woodford*, 290 F.3d 1036, 1043 (9th Cir. 2002).
26 Petitioner has not cited any authority that would find against imputing counsel's failure to raise this
27 motion to Petitioner.  Thus, the Court finds that Petitioner had the opportunity to raise this issue at
28 the trial court level.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) *court* days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 4, 2010**               /s/ John M. Dixon
                                                    UNITED STATES MAGISTRATE JUDGE